UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

          KEIFER, ANDREA M.,
          KEIFER, CHRIS L.,

                 Debtors.

_____/

Case No. 07-57763

Chapter 7

Hon. Walter Shapero

## OPINION REGARDING TRUSTEE'S OBJECTION
## TO DEBTORS' CLAIM OF EXEMPTIONS

The matter before the Court is Trustee's objection to Debtors' claim of exemptions for certain video store equipment, video inventory, and 2007 federal and state tax refunds. An evidentiary hearing was held, at the conclusion of which, the Court ruled the Trustee had not shown that Debtors acted in bad faith in failing to originally schedule the assets or in later amending their schedules to list and exempt the same, and therefore allowed the exemptions claimed in the video store equipment and inventory. The Court did not then rule on the 2007 tax refunds in light of a stipulated turnover order in regards to same entered December 6, 2007; instead taking the issue under advisement with this Opinion to follow.

### I.

Debtors Chris and Andrea Keifer filed their joint voluntary chapter 7 petition on September 6, 2007. There was no mention of any anticipated tax refunds on Schedule B, nor was there any claim of exemption in tax refunds on Schedule C.

The 341 meeting was held on October 23, 2007. Although the Trustee had been provided with copies of the Debtors' tax returns from the three previous years which showed refunds, tax refunds were not discussed at the 341 meeting.

Subsequently, counsel for the Trustee contacted counsel for the Debtors regarding tax refunds. The result of these communications was the following stipulation:

-1-

> The Debtors Chris and Andrea Kiefer through their attorney Thomas S. Molitierno and the Trustee, Timothy J. Miller, through his attorneys, Schneider Miller, P.C., stipulate to entry of an order directing the Debtors to turnover to the trustee any 20078 [sic] state or federal income tax refund checks of [sic] proceeds therefrom.

(Docket No. 35). A turnover order replicating the stipulated language was entered pursuant to this stipulation on December 6, 2007.[1] (Docket No. 37).

Subsequent to the entry of the turnover order, Debtors amended their Schedules B and C respectively to include anticipated 2007 tax refunds of $5,000.00 and a corresponding $5,000.00 exemption of same. The Court must determine the effect of these amendments in light of the turnover order.

## II.

As stated on the record at the April 8, 2008 hearing, the Court found that the Debtors' actions (or inactions) regarding the tax refunds were not in bad faith and did not cause prejudice to the estate so as to bar Debtors' right to amend. The issue remaining is whether the turnover order precludes Debtors from subsequently amending their schedules to exempt the property subject to the turnover order?

Upon the filing of a bankruptcy petition, an estate is formed comprised of all a debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. § 541. However, "[n]otwithstanding section 541 …, an individual debtor may exempt from property of the estate" certain property as provided by state or federal law pursuant to section 522. 11 U.S.C. § 522(b)(1). Thus, all of a debtor's property is initially property of the estate, but specific items may be subsequently exempted in accordance with applicable law.

Section 542 provides a mechanism for the trustee to compel the turnover of property that the trustee may use, sell, or lease under section 363, or that the debtor may exempt under section 522. 11 U.S.C. § 542(a). Turnover under section 542 does not determine the rights of parties to

---

[1] Apparently, each party believes they stipulated to something different from what is recited in the actual language of the document. Debtors contend that they agreed to turnover only the non-exempt portion of any tax refunds. Trustee says that Debtors agreed to turnover the portion of the 2007 tax refunds attributable to the period preceding and up to the petition date. Neither party has sought to vacate or amend the order.

property, but rather is a remedy to obtain property of the bankruptcy estate. *In re Rosenzweig*, 245 B.R. 836, 839-840 (Bankr. N.D. Ill. 2000) (citing *Marlow v. Oakland Gin Co., Inc. (In re The Julien Co.)*, 128 B.R. 987, 993 (Bankr. W.D. Tenn. 1991)). Accordingly, a turnover order, in and of itself, does not preclude a debtor from subsequently claiming an exemption in property subject to such turnover order.

Therefore, the existence of the turnover order in this matter has no effect on Debtors' ability to amend their exemptions. Neither the stipulation nor order provide that the Debtors waive their right to claim an exemption in such refunds, and as noted at the hearing, the Court does not find any bad faith or prejudice present which would otherwise prevent the Debtors from amending. The turnover order addresses a control issue regarding the 2007 tax refunds, not their ultimate disposition.

### III.

For the above reasons, the Court finds that the Debtors are entitled to claim an exemption in their 2007 tax refunds. Trustee's objection is overruled.

Debtors will submit an order consistent with this Opinion.

**Signed on September 25, 2008**

                                        **/s/ Walter Shapero**
                                  **Walter Shapero**
                                  **United States Bankruptcy Judge**